[NOT FOR PUBLICATION NOT TO BE CITED AS PRECEDENT]
 United States Court of Appeals
 For the First Circuit

No. 98-1458

 DAVID S. PORTER AND CAROL A. PORTER,

 Plaintiffs, Appellants,

 v.

 KEVIN M. HARTIGAN, ET AL.,

 Defendants, Appellees.

 APPEAL FROM THE UNITED STATES DISTRICT COURT

 FOR THE DISTRICT OF MASSACHUSETTS

 [Hon. Edward F. Harrington, U.S. District Judge]

 Before

 Boudin, Circuit Judge,
 Campbell, Senior Circuit Judge,
 and Lynch, Circuit Judge.

 David S. Porter and Carol A. Porter on brief pro se.
 Philip X. Murray on brief for appellees.

August 30, 1999

 Per Curiam. We have considered the parties' briefs
and the record on appeal. We review the grant of summary
judgment de novo, using the same standard as required of the
district court. Catex Vitol Gas, Inc. v. Wolfe, 178 F.3d 572,
576 (1st Cir. 1999).
 The defendants are not liable under 42 U.S.C. 1983
because the state statute authorizing the attachment has not
been found unconstitutional. See Lugar v. Edmondson Oil Co.,
457 U.S. 922 (1982) (holding that private parties who attached
a debtor's assets pursuant to a state attachment statute were
subject to 1983 liability if the statute was constitutionally
infirm); Digital Equipment Corp. v. Currie Enterprises, 142
F.R.D. 16, 26 (D. Mass. 1992) (finding the state attachment
statute constitutional). The lack of viability of the only
federally-based claim supports the dismissal of the remaining
state-based claims. Brennan v. Hendrigan, 888 F.2d 189, 196
(1st Cir. 1989).
 Further, the appellants have not persuaded us that
there was either error or abuse of discretion in the district
court's refusal to amend the order dismissing the defendant
Beatrice from the case.
 Affirmed.